UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

E. K. WADE,

        Plaintiff,

    v.

U.S. COURT OF APPEALS - NINTH CIRCUIT EXECUTIVE,

        Defendant.

Case No. 24-mc-80199-AMO

**ORDER CONDUCTING PRE-FILING REVIEW AND BARRING FILING**

Re. Dkt. No. 1

Plaintiff E.K. Wade seeks permission to re-open nine matters decided before various federal judges and vacate the orders in each case, claiming the orders in these cases constitute fraud on the court and therefore warrant relief under Federal Rule of Civil Procedure 60(b)(4) and 60(d)(3). He also seeks multiple declaratory judgments and trillions of dollars in damages. *See* Dkt. No. 7-2 at 13-20. Wade has filed multiple frivolous lawsuits in this court and is now subject to two pre-filing orders. *See Wade v. Gilliland*, Case No. 3:10-cv-00425-WHA, ECF No. 100 at 4; *Wade v. United States*, Case No. 3:06-cv-02346-CRB, ECF No. 55. As the Duty Judge when Wade filed, the undersigned is tasked with determining whether Wade may seek to re-open these cases. As an initial matter, though the undersigned is a named defendant in this case (as her name appears in the case caption on Wade's filing), the undersigned judge's impartiality may not be reasonably questioned due to the repetitive and frivolous nature of Wade's filings. *See United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (finding that absent legitimate reasons to recuse themselves, a judge has a duty to sit in judgment in all cases assigned to that judge). Therefore, there is no legitimate reason for the undersigned's recusal.

Wade's filing is styled as a motion for relief under Federal Rule of Civil Procedure 60. But Wade's filing seeks exemplary and punitive damages and multiple declaratory judgments,

remedies that are not available under Rule 60. Dkt. No. 7-2 at 13-20; Fed R. Civ. P. 60.[1] Therefore, the Court construes Wade's filing as a new complaint which seeks damages and declaratory judgments, which are subject to the pre-filing orders, and proceeds to assess whether it is prohibited by the pre-filing orders. To the extent the filing is intelligible, the Court finds that Wade's proposed filing is subject to the *Gilliland* pre-filing order and is frivolous.

The *Gilliland* pre-filing order requires Wade "seek leave from this Court before filing any additional complaints against the Department of Labor, any of its employees, or against the United States or any other government official in connection with his disputes with the DOL, stemming from his prior employment in the Office of Federal Programs Contract Compliance." *Gilliland*, Case No. 3:10-cv-00425- WHA, ECF No. 100 at 4. Following review of Wade's proposed filing, the Court concludes that it falls within the scope of the *Gilliland* pre-filing order. The gravamen of Wade's proposed filing is that the judicial defendants violated Wade's rights by applying the *Gilliland* pre-filing order to deny or dismiss Wade's efforts to raise claims against the Department of Labor stemming from his employment there. He also alleges that the Assistant U.S. Attorney defendants "declined to adjudicate . . . [his] claims by relying upon Judge Alsup's lies and misrepresentations [in the *Gilliland* pre-filing order]." These claims are "in connection with [Wade's] disputes with the DOL" and brought against government officials; therefore, they fall under the scope of the *Gilliland* pre-filing order. Additionally, the allegations against judges involve judicial conduct that is immune from liability, and the allegations against government attorneys are based entirely on their official conduct as attorneys for the government that is likewise immune from liability. *See DeClue v. County of Alameda*, 2020 WL 6381356 (N.D. Cal. Oct. 20, 2020) at *9-10 (summarizing controlling law "immunizing judicial officers against legal claims for acts taken or decisions made in the course of the judicial process"); *Fry v. Melaragno*, 939 F.2d 832 (9th Cir. 1991) (holding that government attorneys were entitled to absolute immunity where allegations were based upon the attorneys' conduct in representing the

---

[1] To the extent Wade seeks review of prior judgments in this District, the motion fails on its face for lack of factual allegations establishing fraud on the court. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that "legal conclusions . . . must be supported by factual allegations.").

government).

Accordingly, Wade's request for leave to file the proposed motion is DENIED. The Clerk is directed not to accept Wade's document for filing.

**IT IS SO ORDERED.**

Dated: November 3, 2025

_____
**A**RACELI **M**ARTÍNEZ-**O**LGUÍN
**United States District Judge**